**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br><br>LUCILLE H. GOODING,<br><br>                      Defendant. | CASE NO. 11CV762 DMS WVG<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY FEES AND COSTS**<br><br>[Docket No. 9] |

Pending before the Court is Plaintiff's Motion to Remand and Request for Attorney Fees.[1] (Doc. 9.) After considering both parties' arguments, and for the following reasons, Plaintiff's motion to remand is granted, and Plaintiff's request for attorney fees and an order barring future removals is denied.

**I.**

**BACKGROUND**

Plaintiff alleges that Defendant is in possession of and occupying the property located at 237 Brookview Court, Santee, CA 92071 ("Property"). (Compl., ¶ 2.) Plaintiff further alleges that it purchased the Property at a Trustee's Sale, and duly recorded the Trustee's Deed Upon Sale. (*Id.* at

---

[1] Although not reflected in the title of its Motion, Plaintiff also requests an order barring further attempts to remove. (Doc. 9-1 at 5.)

¶¶ 4, 5.) On January 20, 2011, Defendant was served with a 3-Day Written Notice to Vacate, with which Defendant allegedly failed to comply by continuing to possess the Property. (*Id.* at ¶¶ 6-8.) According to Plaintiff, the reasonable value for the use and occupancy of the Property is $47.27 per day, and Plaintiff seeks to recover that amount for each day beginning with January 24, 2011, and until the rendition of judgment. (*Id.* at ¶ 9).

Plaintiff filed the complaint for unlawful detainer on February 3, 2011. On April 13, 2011, two days prior to the start of trial, Defendant removed the action to this Court, claiming jurisdiction was proper under 28 U.S.C. § 1443(1) and 42 U.S.C. §1983. (Doc. 1 at 1.) Defendant argues that Plaintiff willfully attempted to deprive her of fundamental rights guaranteed by the Constitution and federal law. (Doc. 1 at 3.) Defendant further argues that the summary nature of the unlawful detainer action deprives her of due process, because such limited civil cases do not allow for "challenge of jurisdiction [and] raising of issues of title or other relevant issues." (*Id.*) On April 26, 2011, Plaintiff filed its present Motion to Remand and Request for Attorney Fees. (Doc. 9.)

## II.

## LEGAL STANDARD

The district courts of the United States are courts of limited jurisdiction, possessing only the power authorized by the Constitution and Congress. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). One such authorization of power is the district courts' ability to hear cases that defendants have properly removed from state courts. "The burden of establishing federal jurisdiction is on the party seeking removal." *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Furthermore, there is a strong presumption against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendants may remove only those state court actions that could have originally been filed in federal court. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). One basis for jurisdiction of the district courts is federal question jurisdiction.[2] *Id.* In determining whether such "federal question" jurisdiction exists, the Court must abide by the "well-pleaded complaint rule,"

---

[2] 28 U.S.C. § 1331 provides, "The district courts shall have original [federal question] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* This rule makes the plaintiff the master of the claim, allowing that party to avoid federal jurisdiction by relying exclusively on state law. *Id.*; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Accordingly, a case may not be removed to federal court solely on the basis of a federal defense. *Caterpillar*, 482 U.S. 386 at 393.

Title 28 U.S.C. § 1447(c) provides in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Section 1447(c) thus gives the district court broad discretion, as there is no presumption for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005). Ultimately, the Court exercises its discretion based on the reasonableness of the removal. *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

## III.

## DISCUSSION

As Plaintiff avers, the underlying action is a state action for unlawful detainer and money damages. The Complaint plainly shows that the action is based solely on state law, in particular California Code of Civil Procedure §1161.[3] Plaintiff, as the master of the claim, has chosen to exclude from its Complaint any allegations that might implicate a federal question.

Defendant argues that because she will be able to show "violations of various federal statutes and acts, including but not limited to the Truth in Lending Act, Real Estate Settlement Procedures Act, and Fair Debt Collections Practices Act," she should be entitled to remove the action. (Doc. 13 at 2.) However, these appear to be issues that would only be raised in a counterclaim. Because the issues related to the federal statutes are not raised on the face of Plaintiff's Complaint, they do not form the basis for federal question jurisdiction. Therefore, removal pursuant to 28 U.S.C. § 1441 was improper.

/ / /

---

[3] Section 1161 provides in relevant part, "A tenant of real property . . . is guilty of unlawful detainer . . . [w]hen he or she continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him or her."

Defendant also seeks to remove the action under 28 U.S.C. § 1443(1), which authorizes removal of certain civil rights cases. This statute, however, has been interpreted narrowly by the Supreme Court. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1970)(holding that "§ 1443 applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights."). The statute provides that a defendant seeking removal must show, among other things, that he or she is "denied or cannot enforce" that right in the state courts. 28 U.S.C. § 1443(1). *Rachel* involved defendants who were being prosecuted in state court for refusing to leave facilities of public accommodation, after being ordered to do so solely because of their race. 384 U.S. at 804. The Supreme Court authorized removal of the action under § 1443 because the Civil Rights Act of 1964 specifically protected those who refused such orders from prosecution in state courts, and the pendency of any prosecution in Georgia courts would effectively amount to a denial or inability to enforce that right in the state courts. *Id.* at 805.

In the instant case, there is no showing that Defendant will be similarly unable to enforce her rights in the state courts. First, despite the summary nature of the unlawful detainer lawsuit, the tenant is assured the right to a court hearing, and can present a defense to the action for unlawful detainer. *See* Cal. Code of Civ. P. § 1170. Further, the resolution of the present case will not preclude Defendant from litigating her claims regarding title and challenges to the trustee's sale in a separate action. Defendant does not need a federal forum to protect her rights. For the foregoing reasons, this Court lacks subject matter jurisdiction and determines that Defendant's removal was improper.

Plaintiff seeks attorney fees and costs for Defendant's improper removal. In support of its request, Plaintiff argues that Defendant's removal "frustrated the summary nature of the unlawful detainer action . . . and has forced the prolonged expenditure of resources in both state and federal court." (Doc. 9-1 at 5.) The Court reiterates that in exercising its discretion to determine an award of fees, it looks primarily at the reasonableness of the removal, and here the Court concludes that the removal was not objectively unreasonable. First, Defendant is a pro se litigant. "Although pro se litigants must follow the same rules of procedure that govern other litigants, they are held to less stringent standards with regard to their pleadings than attorneys." *HSBC Bank USA, N.A. v. Bryant*, No. 09-CV-1659-IEG (POR), 2009 WL 3787195 at *5 (S.D. Cal. Nov. 10, 2009) (citing *King v.*

1  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) and *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003)).
2  Second, in light of the arguments in her pleadings and her *pro se* status, it does not seem unreasonable
3  for Defendant to have believed that her case properly belonged in federal court. Therefore, an award
4  of attorney fees is not warranted.

5  Plaintiff also asks the Court to issue "an order barring further attempts to remove." (Doc. 9-1
6  at 5.) However, Section 1447(c) should provide a sufficient deterrent to any future attempts by
7  Defendant to improperly remove the case. Accordingly, such an order is not necessary in the present
8  case.

### IV.
### CONCLUSION

For the above reasons, Plaintiff's motion to remand is **granted**, and this Court remands the matter to state court. Plaintiff's request for attorneys' fees and an order barring further attempts to remove is **denied**.

**IT IS SO ORDERED**.

DATED: July 6, 2011

HON. DANA M. SABRAW
United States District Judge